IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE

## RONALD C. ROWE v. WANDA J. ROWE

**Direct Appeal from the Circuit Court for Coffee County**
**No. 2444D     L. Craig Johnson, Judge**

---

**No. M1999-01535-COA-R3-CV - Decided May 25, 2000**

---

A prison inmate filed a complaint for irreconcilable differences, together with a Marital Dissolution Agreement that he and his wife had signed. He took no further legal steps, and after five months, without notice to him, the trial court dismissed the complaint for failure to prosecute.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Circuit Court**
**Reversed and Remanded**

CANTRELL, P.J., M.S., delivered the opinion of the court, in which KOCH and CAIN, JJ. joined.

Ronald C. Rowe, Nashville, Tennessee, Pro Se

Wanda J. Rowe, Tullahoma, Tennessee, Pro Se

**OPINION**

**I.**

Ronald C. Rowe and Wanda Jean Rowe were married in 1990. Both parties had been previously married. In 1992, Mr. Rowe was convicted of aggravated sexual battery, and was sentenced to twelve years imprisonment. On November 19, 1998, he filed a Complaint for Absolute Divorce, on the ground of the irreconcilable differences. The complaint was docketed in the Coffee County Circuit Court as No. 2444D. Attached to the complaint was a Marital Dissolution Agreement (MDA).

The agreement stated that the parties had no children, that they had divided their personal property, that they owned no real property, and that neither of them had incurred indebtedness in the name of the other. The agreement also recited that the husband agreed to bear all court costs arising out of the proceedings, and that "[b]oth Husband and Wife will waive the right to be present for any hearing, if the Court approves such." The agreement was signed by both parties.

Other documents filed on the same day included an affidavit signed by the wife, stating that she was aware of the contents of both the husband's complaint and the MDA, that she assented to all of the provisions of the MDA, and that she had chosen not to be represented by counsel; the wife's waiver of service of process of the complaint through the sheriff's office, acknowledging that a copy of the complaint had been delivered to her; and a Motion to Proceed in Forma Pauperis, filed by the husband.

No further document was filed in this case until April 5, 1999, when the trial court issued the following:

## ORDER OF DISMISSAL

This matter was called to be heard on April 1, 1999, and no one having appeared this matter is dismissed for failure to prosecute, and the costs are taxed to the plaintiff.

This appeal followed.

## II.

Mr. Rowe filed a brief that essentially reiterated his desire for a divorce, and stated several other grounds that would have justified a divorce for either party. Mrs. Rowe did not file a brief in response, so this court entered an order that the appeal be submitted for a decision on the record and on the appellant's brief alone.

We note that Tenn. Code. Ann. § 36-4-103(c)(1) states that a Bill for divorce on the ground of irreconcilable differences has to be on file for sixty days before it is heard, if the parties have no unmarried children under eighteen years of age. The waiting period is ninety days if the parties do have an unmarried minor child.

While the statute makes it easier for parties to obtain a divorce without going through the sometimes unnecessary process of allocating fault, the waiting period gives them a chance to change their minds, and prevents hasty and emotional decisions from becoming the basis of court orders that could bind the parties forever. It appears likely to us that the trial court would have granted the divorce, if Mr. Rowe had simply filed a motion after the 60 day period, asking for it to be granted.

From a reading of Mr. Rowe's brief, it also appears to us that his failure to file such a motion did not arise from any weakening in his desire to free himself and his wife from the bonds of a marriage that was of no benefit to either of them, but simply from ignorance of the required procedure.

The words of the late Chief Justice Grafton Green seem particularly relevant to Mr. Rowe's situation:

"We fully recognize that considerations of public policy demand that the institution of marriage be sheltered and safeguarded. But there is an obverse side to the coin of public policy and consideration must be given to the fact that society is ill served by a legally commanded continuance of a marriage which exists in name only.

*Lingner v. Lingner*, 165 Tenn. 525, 534, 56 S.W.2d 749, 752 (1933).

A similar idea is quoted in a *Farrar v. Farrar*, 553 S.W.2d 741 at 744, 745: "[s]ociety is not interested in perpetuating a status out of which no good can come and from which harm may result."

In view of the above considerations, and of the relatively quick disposition of Mr. Rowe's complaint by the trial court, we remand this case with instructions that the trial court consider the merits of Mr. Rowe's complaint, as long as he files a timely motion for the court to grant the divorce. Although she has waived service of process, Mrs. Rowe must be served with a copy of the motion, so that she will have an opportunity to oppose it, if she so wishes.

### III.

The order of the trial court is reversed. Remand this cause to the Circuit Court of Coffee County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellee.